J-S47027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ADAM LEE WHITE | |
| Appellant | No. 206 MDA 2015 |

Appeal from the Judgment of Sentence November 24, 2014
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000232-2013
CP-18-CR-0000276-2013
CP-18-CR-0000280-2014
CP-18-CR-0000282-2014
CP-18-CR-0000468-2008

BEFORE:  ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 28, 2015**

Adam Lee White appeals from the judgment of sentence imposed on November 24, 2014,[1] in the Court of Common Pleas of Clinton County, and made final by the denial of post-sentence motions on January 12, 2015. White was charged with and pled guilty to multiple offenses at five separate informations that were consolidated for sentencing purposes.  With regard to two of the criminal dockets, White pled guilty on October 27, 2014 to fleeing

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  White's judgment of sentence was amended that same day due to a scrivener's error, with no substantive changes.  The amended sentence was time stamped on December 4, 2014.

or attempting to elude an officer, two counts of recklessly endangering another person ("REAP"), driving while operating privilege is suspended or revoked, reckless driving, and retail theft.[2]  With respect to the remaining three dockets, White pled guilty at various dates to two counts of receiving stolen property and one count of retail theft, and his probationary sentence as to all three dockets was subsequently revoked on August 26, 2014.[3]  In addressing all five informations, the court sentenced White to an aggregate period of 72 to 300 months' imprisonment.[4]  The sole issue on appeal is a challenge to the discretionary aspects of sentencing.  After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm the judgment of sentence.

As stated above, this appeal involves five separate cases that were consolidated at the trial court level:  Docket No. 468-2008 ("No. 468"); Docket No. 232-2013 ("No. 232"); Docket No. 276-2013 ("No. 276"); Docket No. 280-2014 ("No. 280"); and Docket No. 282-2014 ("No. 282"). At No. 468, the Commonwealth charged White with receiving stolen property

---

[2]  75 Pa.C.S. § 3733(a), 18 Pa.C.S. § 2705, 75 Pa.C.S. § 1543(a), 75 Pa.C.S. § 3736(a), and 18 Pa.C.S. § 3929(a)(1), respectively.

[3]  18 Pa.C.S. § 3925(a) and 18 Pa.C.S. § 3929(a)(1), respectively.

[4]  The court agreed White was an eligible offender in accordance with the Recidivism Risk Reduction Incentive ("RRRI") Act.  **See** 61 P.S. §§ 4501-4512.  Therefore, the court reduced his aggregate minimum sentence to 60 months.

and theft by unlawful taking on October 10, 2008.  On November 24, 2008, White pled guilty to receiving stolen property, and was sentenced on November 13, 2009, to two years' probation.   White's probation was subsequently revoked, and he was resentenced to a period of nine to 24 months' incarceration, to run consecutively to the other sentences he was currently serving.

At No. 232, the Commonwealth charged White with retail theft on May 23, 2013.  He pled guilty and was sentenced on September 9, 2013, to two years' probation.   His probation was subsequently revoked, and he was resentenced to a period of 24 to 84 months, to run consecutively to the other sentences he was serving.

At No. 276, the Commonwealth charged White with burglary, receiving stolen property, and theft by unlawful taking on June 14, 2013.  He pled guilty and was sentenced on September 9, 2013, to two years' probation. His probation was subsequently revoked, and he was resentenced to a period of 12 to 60 months, to run consecutively to the other sentences he was currently serving.

At No. 280, the Commonwealth charged White with fleeing or attempting to elude officers, two counts of REAP, driving while operating privilege is suspended or revoked, and reckless driving on May 19, 2014. On the same day, the Commonwealth also charged White with retail theft at No. 282.  He pled guilty to all the charges on October 27, 2014.  The court

sentenced him to an aggregate term of 15 to 48 months at No. 280,[5] and a term of 12 to 84 months at No. 282, to run consecutively to the other sentences he was currently serving.

As stated above, the court imposed an aggregate sentence of 72 to 300 months' incarceration. Nevertheless, the court found White was an eligible offender for the RRRI program and reduced his aggregate minimum sentence to 60 months. White filed a motion for modification of sentence on December 1, 2014. A hearing was held on January 12, 2015. That same day, the court entered an order denying White's post-sentence motion. This appeal followed.[6]

In his sole issue, White challenges the discretionary aspects of his sentence. Specifically, White states the court imposed a "manifestly excessive sentence" given the totality of the circumstances. White's Brief at 18. He points to the following evidence: (1) he fully cooperated with the Commonwealth and the probation department in the completion of the presentence investigation; (2) he has shown remorse for and frustration with his actions from the beginning; (3) he entered a guilty plea and fully

---

[5] Specifically, the court imposed a sentence of three to 24 months' incarceration for the fleeing an officer conviction, and two terms of six to 12 months' imprisonment for the REAP charges.

[6] On January 26, 2015, the trial court ordered White to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). White filed a concise statement on February 13, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 18, 2015.

accepted the charges against him; (4) he has demonstrated his remorse and understanding of the severity of these offenses to all parties he has interacted with during this criminal procedure, particularly by waiving his right to a preliminary hearing in three of the five cases; and (5) he is 36 years old and has one child with whom he maintains significant contact. *Id.* at 18-19. Moreover, he notes he has an extensive prior record, and that his extreme struggle with drug addiction has contributed to the current offenses and his prior record. *Id.* at 19. Additionally, White alleges he has fully appreciated the gravity and outcome of his actions, but he needs a treatment program and that another judge, the Honorable Michael F. Salisbury, sent him a letter, and presented the opportunity to be supervised at a later time with a treatment court program. *Id.* at 20. White concludes his "acceptance of responsibility together with The Honorable Michael F. Salisbury's acknowledgment of [White] being in need of treatment and rehabilitation, indicates that [he] has the ability to be rehabilitated and to return to society." *Id.*

The standard of review for a claim challenging a discretionary aspect of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, White filed a notice of appeal, preserved the issue in a post-sentence motion, and included the requisite statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Therefore, we may proceed to determine whether White has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013).[7]

To the extent White puts forth the assertion that his sentence was excessive because the trial court failed to properly consider mitigating factors, such an allegation does not raise a substantial question. **See Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

To the extent White argues his sentence was "manifestly excessive," such a claim does raise a substantial question. "[A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive

---

[7] With respect to whether an issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **See Commonwealth v. Paul**, 2007 PA Super 134, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 2013 PA Super 70, 65 A.3d 932, 2013 WL 1313089, *2 (Pa. Super. filed 4/2/13) (quotation and quotation marks omitted).

*Edwards*, 71 A.3d at 330 (citation omitted).

nature of a sentence will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (emphasis in original); ***see also Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question.").

We note that when imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Moreover,

> "[w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied,* 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied,* 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also* ***Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See* ***Commonwealth v. Cruz-Centeno***, 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied,* 544 Pa. 653, 676 A.2d 1195 (1996)

(stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Moury***, 992 A.2d at 171.

Additionally, because White's aggregate sentence also includes revocation sentences, we are guided by the following: "In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa. Super. 2006). "[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." ***Commonwealth v. Infante***, 888 A.2d 783, 790 (Pa. 2005) (citation omitted).

Upon the revocation of a defendant's probation, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. ***See*** 42 Pa.C.S. § 9771(b); ***Commonwealth v. Wallace***, 870 A.2d 838, 843 (Pa. 2005). Moreover, "[t]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000), *appeal denied*, 771 A.2d 1279 (Pa. 2001). Section 9771(c), however, limits the trial court's authority to impose a sentence of total confinement upon revocation unless one of three circumstances are present:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).[8]

"In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1282-1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).

_____

[8] Furthermore, it is well-established that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007).

Here, the trial court set forth its rationale on the record at the November 24, 2014, sentencing hearing, stating the following:

The Court's reviewed the presentence investigation, listened to the comments here today by both the District Attorney, Defense Counsel, and [White], reviewed the letter from the Treatment Court that [White] asked me to review. [White] set forth his facts that are -- the Court has to consider from the presentence investigation. He's 36, single, has a child. Obviously, currently unemployed because he's incarcerated. He has a GED.

His prior record, as noted, is extensive. His presentence investigation, I believe, is seven pages long. It's mostly summary offenses early. And then as [White] indicated, he starts with a criminal conspiracy to commit burglary in '98. And then he has convictions throughout his adulthood until we come here today. He is serving sentences, the Court has just been informed, of one to two from Centre County and one to three years in Lycoming County.

[White] is eligible for RRRI and County Intermediate Punishment. The Court would note that the Court's reviewed the maximum sentences that are permitted as listed in the presentence investigation and guidelines that are applicable. The court notes that Number 468-2008, 232-2013, 276-2013 that the sentencing guidelines are not applicable because these are resentencings.

The Court would note that the presentence investigation finds that [White] was paroled from the State Correctional Institution on February 22nd, 2014, and, within three months, had four new sets of criminal charges in three separate counties. The presentence investigation also indicates that [White]'s prior record is staggering, that it has -- that he has an outstanding -- an astounding number of retail thefts and theft related convictions.

[White] has blatant disrespect and apathy toward law enforcement, County probation, State parole, and State law. The Court's listened to what was said here today by [White] and has adjusted it's sentence somewhat to reflect not only what [White] said, but also what the other courts have -- other courts,

- 11 -

Centre and Lycoming, that they have done since [White] has two more years of incarceration from those two counties.

N.T., 11/24/2014, 18-19. In its Rule 1925(a) opinion, the trial court reiterated what it opined at sentencing. *See* Trial Court Opinion, 2/18/2015, at unnumbered 1-2.

We conclude the trial court properly considered all of the relevant facts prior to sentencing, particularly White's propensity to repeat his prior bad conduct and his potential, or lack therefor, for rehabilitation. The court indicated it had the benefit of the presentence investigation, had reviewed the sentencing guidelines, and had listened to White's own statements.

It merits emphasis that White's aggregate sentence of 72 to 300 months is a mix of three revocation sentences and two new sentences. As stated above, with respect to the revocation sentences, a court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing. *See* 42 Pa.C.S. § 9771(b). White does not complain these sentences conflict with statutory provisions regarding revocation. Furthermore, his two new sentences amounted to a term of 27 to 132 months' incarceration, or a little over a third of his total sentence. White does argue that these sentences fell outside the standard sentencing guideline range. Additionally, White's "cooperative" and "remorseful" behavior leading up to sentencing does not render an abuse of discretion by the trial court. As such, we cannot conclude that the imposition of consecutive sentences in this case was clearly unreasonable. *See Dodge*.

Accordingly, considering all the attendant circumstances, we detect no abuse of discretion on the part of the trial court in imposing a sentence of 72 to 300 months' imprisonment, including RRRI eligibility, for White's numerous probation violations and new criminal convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015